IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARY BROOKE OBERWETTER,<br>    1714 New Jersey Avenue, N.W.<br>    Washington, DC 20001<br><br>        Plaintiff,<br><br>        v.<br><br>KENNETH HILLIARD,<br>   serve: United States Park Police<br>      960 Ohio Drive, S.W.<br>      Washington, DC 20020<br><br>      and<br><br>KENNETH L. SALAZAR,<br>   serve:  Department of the Interior<br>       1849 C Street, N.W.<br>       Washington, DC 20240<br><br>        Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.<br><br>**COMPLAINT** |

**COMPLAINT**

**COMES NOW** the Plaintiff, Mary Brooke Oberwetter, by and through undersigned counsel, and complains of the Defendants as follows:

THE PARTIES

1.    Plaintiff Mary Brooke Oberwetter is a natural person and a citizen of the United States and of the District of Columbia.

2.    Defendant Kenneth Hilliard is and was at all times relevant to the complaint a natural person and a United States Park Police Officer. Defendant Hilliard is sued in both his official and individual capacities.

3.      Defendant Kenneth L. Salazar is the Secretary of the Interior of the United States. As such, he is responsible for the enforcement of the customs, practices, and policies complained of in this action, and is sued in his official capacity.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 and 1343.

5.      Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

6.      Thomas Jefferson – author of the American Declaration of Independence and the third President of the United States – was born April 13, 1743.

7.      Thomas Jefferson is memorialized by a statue located on the National Mall in Washington, D.C.

8.      Maintenance and policing of the Jefferson Memorial is within the jurisdiction of the National Park Service, a unit of the Department of Interior, which is under the direct supervision of Defendant Salazar.

9.      The Jefferson Memorial is usually open to the public 24 hours a day, and was, in fact, generally open to the public at all times relevant to the events described in this Complaint.

10.     The Jefferson Memorial is regularly and heavily visited by tourists, including children. Visitors to the Jefferson Memorial talk loudly, make noise, take and pose for photographs, and otherwise behave as though the Memorial is located in a public park – which, of course, it is. Defendants do not enforce at the Jefferson Memorial an atmosphere of quiet reverence of the sort which prevails at the various museums located nearby on the National Mall.

11. The Jefferson Memorial has traditionally been open to the public, and its intended use is consistent with public expression, including, specifically, the expressive activity and assembly of the type engaged in by Plaintiff and her associates on the night of April 12-13, 2008.

12. On or about 11:45 p.m. on the night of April 12, 2008, Plaintiff Mary Brooke Oberwetter and several of her friends and acquaintances gathered at the Jefferson Memorial. The purpose of this gathering was to celebrate and honor Thomas Jefferson, his ideals, and his political legacy, on the occasion of his birth.

13. Plaintiff and her associates celebrated and honored Thomas Jefferson by ushering in his birthday, at the Jefferson Memorial, with dance. Plaintiff and her associates commenced dancing at approximately five minutes to midnight, April 13, 2008. In the individualist spirit for which Jefferson is known, the dancers danced for the most part by themselves, in place, each listening to his or her music on headphones.

14. Plaintiff and her dancing associates numbered approximately 18. At no time did the number of people dancing reach or exceed 25.

15. Apart from Plaintiff and her associates, and employees of the National Park Service, there were very few visitors to the Jefferson Memorial at the time of the dancing. The expressive conduct of Plaintiff and her associates at the Jefferson Memorial did not have the effect, intent or propensity to draw a crowd or onlookers not already present.

16. Shortly after the dancing commenced, Defendant Hilliard and several other Park Police officers violently dispersed the dancers, shoving and pushing them out of the Jefferson Memorial.

17. Defendant Hilliard approached Plaintiff while she was silently dancing in place, listening to music through earbuds. Defendant Hilliard pushed Plaintiff, and then left. Moments later, Defendant Hilliard returned to Plaintiff, who was still quietly dancing, and ordered her to leave.

18. Plaintiff removed an earbud so that she could speak with Defendant Hilliard. Plaintiff asked Defendant Hilliard why he was ordering her to leave, and what law she was violating, but Defendant Hilliard refused to answer, insisting only that Plaintiff stop dancing and leave the Jefferson Memorial.

19. Plaintiff agreed to stop dancing and leave the Jefferson Memorial if Defendant Hilliard would only provide a lawful reason why she needed to do so, but Defendant Hilliard refused to offer any reason whatsoever for his demands, and instead arrested Plaintiff.

20. Plaintiff was at all times peaceful and did not resist Defendant Hilliard or any other officer in any way.

21. Defendant Hilliard used more force than was necessary to effect his arrest of Plaintiff, ripping apart her earbud, shoving her against a pillar, and violently twisting her arm.

22. Shortly after her arrest, Plaintiff was advised by an unknown Park Police officer that she would be charged with "disturbing the peace." Plaintiff was issued a citation for "Interfering with an Agency Function," in violation of 36 CFR § 2.32(a)(i)(2).

23. Plaintiff was held for approximately five hours before being released.

24. Several days after the incident, Park Police officers arrived at Plaintiff's house and gave her two citations issued by Defendant Hilliard: an apparently superceding citation for "Interfering with an Agency Function," in violation of 36 CFR § 2.32(a)(i)(2), and an additional

citation for "Demonstrating Without a Permit," in violation of "36 CFR § 7.963(ii)(C)." The citations bore a court date of May 21, 2008, in the United States District Court.

25. On May 21, 2008, Plaintiff and Defendant Hilliard appeared before the Court. The Court found that the prosecution of Plaintiff was not properly before the Court and advised Defendant Hilliard that if he wished to proceed, he would have to properly prepare the matter for hearing. Plaintiff has not received any further notice to answer charges arising out of the incident in question.

26. Plaintiff would again silently dance at the Jefferson Memorial to commemorate Thomas Jefferson's birthday, by herself, and with other like-minded people, but refrains from doing so because she reasonably fears arrest, prosecution, fine, and/or incarceration if she were to do so again.

27. Plaintiff's fear of future physical abuse and arrest interferes with her quiet enjoyment of the National Park system in general and the Jefferson Memorial in particular.

FIRST CLAIM FOR RELIEF
UNREASONABLE SEIZURE
U.S. CONST., AMEND. IV, BIVENS CLAIM
<u>AGAINST DEFENDANT HILLIARD</u>

28. Paragraphs 1 through 27 are incorporated as though fully referenced herein.

29. Defendant Hilliard's seizure, arrest, and imprisonment of Plaintiff were unreasonable in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution, in that Defendant Hilliard lacked probable cause to arrest Plaintiff, and separately in that Defendant Hilliard used excessive force to detain Plaintiff.

30. As a direct cause of Defendant Hilliard's violations of Plaintiff's Fourth Amendment rights, Plaintiff suffered a loss of her liberty, physical injury, property damage, and associated mental anguish, shame and humiliation, entitling Plaintiff to recover compensatory damages from Defendant Hilliard.

31. Defendant Hilliard acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of the Plaintiff; and his conduct itself was outrageous, grossly fraudulent, or reckless toward the safety of the Plaintiff, such that punitive and exemplary damages are appropriate.

SECOND CLAIM FOR RELIEF
VIOLATION OF RIGHTS OF FREE SPEECH AND ASSEMBLY
U.S. CONST., AMEND. I, BIVENS CLAIM
<u>AGAINST DEFENDANT HILLIARD</u>

32. Paragraphs 1 through 31 are incorporated as though fully referenced herein.

33. Defendant Hilliard's interruption and prevention of Plaintiff's expressive activity and assembly violated Plaintiff's rights under the First Amendment to the United States Constitution, in that Plaintiff's conduct was protected by the First Amendment guarantees of the rights of speech and assembly; accordingly, Plaintiff is entitled to recover compensatory damages from Defendant Hilliard for his violation of her First Amendment rights.

34. Defendant Hilliard acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of the Plaintiff; and his conduct itself was outrageous, grossly fraudulent, or reckless toward the safety of the Plaintiff, such that punitive and exemplary damages are appropriate.

### THIRD CLAIM FOR RELIEF
### DECLARATORY JUDGMENT ACT – FIRST AMENDMENT RIGHTS
### AGAINST DEFENDANTS HILLIARD AND SALAZAR

35. Paragraphs 1 through 34 are incorporated as though fully referenced herein.

36. Plaintiff is entitled to a declaratory judgment that expressive activity and assembly of the kind suppressed by Defendant Hilliard on the evening of April 12-13, 2008, is protected by the First Amendment to the United States Constitution; and that 36 CFR §§ 2.32(a)(i)(2) and 7.96 are unconstitutional as applied to prohibit such activity.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mary Brooke Oberwetter requests that judgment be entered in her favor and against Defendants as follows:

ON THE FIRST AND SECOND CLAIMS FOR RELIEF:

1. Compensatory damages in an amount according to proof at trial;

2. Punitive damages in an amount according to proof at trial;

ON ALL CLAIMS FOR RELIEF:

3. Attorney fees and costs of suit pursuant to 28 U.S.C. § 2412;

4. Ordinary taxable costs of suit;

5. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 36 CFR §§ 2.32(a)(i)(2) and 7.96 in such a manner as to forbid expressive dancing and assembly at the Jefferson Memorial;

6. Declaratory relief consistent with the injunction; and

7.  Any other further relief as the Court deems just and appropriate.

PLAINTIFF REQUESTS TRIAL BY JURY

Dated: March 27, 2009

Respectfully submitted,

Alan Gura (D.C. Bar No. 453449)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665


By: _____
Alan Gura

Attorney for Plaintiff